UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. WILKINS, | Case No. 26-cv-02699-HSG |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| N. VONG, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner currently housed at California State Prison – Los Angeles County, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against San Quentin Rehabilitation Center ("SQRC") correctional officers. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**B.    Complaint**

The complaint names as defendants the following San Quentin State Prison ("SQSP") correctional officers: N. Vong, A. Salas, B. Chernak, E. Rodriguez, A. Garibay, T. Ngueyn, R. Bermudez, DeLeon, and B. Orozco.

The complaint makes the following allegations.  In retaliation for Plaintiff filing C No. 19-cv-9159 VAP, *Wilkins v. Lowe* (C.D. Cal.) ("*Lowe*"), Defendants have served Plaintiff meals that are poisoned or damaged.  The meals either have syringe holes in the plastic packaging or in the

United States District Court
Northern District of California

food; or have been altered; or have been damaged by being opened from the bottom, stepped on, or smashed to the ground.  Defendants served Plaintiff these tampered meals on the following dates.

> August 18, 2023: Vong
> September 3, 2023: Salas, Chernak
> September 28, October 1, and October 15: Salas, Rodriguez
> October 2, 2023: Garibay
> October 8, 2023: Orozco and Bermudez
> October 12, 2023: DeLeon
> October 16, 2023: Orozco
> October 19, 2023: Salas

In addition, Plaintiff alleges that there is a wide-ranging conspiracy between Defendants and correctional officers at two other institutions.  The conspiracy began during September 11-28, 2023, when California Institution for Men – Chino ("CIM") correctional officers Lozano and Benetes poisoned Plaintiff and caused irreparable damage to his esophagus and stomach.  Correctional officers across three institutions, including Defendants, conspired to cover up the poisoning.  All these actions are connected to *Lowe*.

Plaintiff states that he seeks to bring a First Amendment retaliation claim, a conspiracy claim, an Eighth Amendment claim, a Bane Act claim, and a Cal. Civ. Code § 3294 claim.  Plaintiff alleges that Defendants tampered with his meals in retaliation for *Lowe*, in violation of the First Amendment prohibition on retaliation for protected conduct.  Plaintiff alleges that Defendants conspired with CIM officers Lozano and Benetes to violate his constitutional rights.  Plaintiff alleges that Defendants conspired with CIM officers to poison him for filing *Lowe*, in violation of the Eighth Amendment and the California Bane Act.  Finally, Plaintiff alleges that he is entitled to exemplary damages under Cal. Civ. Code § 3294.

Plaintiff seeks $10,000 in compensatory damages per defendant for each act, including the acts committed by their co-conspirators at CIM; $30 million in compensatory damages; $300 million in punitive damages per defendant per claim for co-conspirators' torts at CIM; and "anything else in interest of justice."  *See generally* Dkt. No. 1.

//

//

3

United States District Court
Northern District of California

**C.      Dismissal with Leave to Amend**

The Court DISMISSES the complaint for failure to state a claim.

The complaint fails to state a First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff has failed to allege facts from which it can be reasonably inferred that Defendants acted because of Plaintiff's protected conduct. The allegation that Defendants tampered with approximately ten of his meals during a two-month period following the settlement of *Lowe* does not reasonably indicate a retaliatory motive, especially in light of the fact that *Lowe* is not alleged to have involved SQRC correctional officers; there is no allegation that Defendants indicated any awareness of *Lowe*, much less intent to retaliate against Plaintiff for filing or settling *Lowe*; and *Lowe* had been pending for four years when the alleged poisoning commenced. In addition, the conclusory allegations that Defendants and CIM officers poisoned Plaintiff, and that there is a coverup conspiracy spanning three correctional institutions appears to be based on a delusional scenario. Plaintiff has previously filed an action in this Court alleging that he was been poisoned. *See Wilkins v. Smith*, C No. 25-cv-06426 HSG ("*Wilkins I*"). In the orders screening the complaints in *Wilkins I*, the Court noted that Plaintiff's claims that he was poisoned, that prison officials were conspiring to cover up his poisoning, and that doctors had falsified his medical reports were unsupported and irrational, and contradicted by exhibits attached to the complaints. *Wilkins I*, Dkt. Nos. 5, 11.

The complaint's conclusory allegations fail to state a conspiracy claim. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (affirming dismissal of conspiracy claim where plaintiff failed to state specific facts to support existence of claimed conspiracy); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (to state claim for conspiracy to violate constitutional rights, plaintiff must state specific facts to support existence of claimed conspiracy).

4

The facts in the complaint do not plausibly allege a conspiracy between Defendants and CIM officers Lozano and Benetes to retaliate against Plaintiff for filing *Lowe*, to poison him in violation of the Eighth Amendment, or to violate his civil rights in violation of the California Bane Act.

The complaint fails to state a cognizable Eighth Amendment cruel and unusual punishment claim. The primary basis of Plaintiff's Eighth Amendment claim is that Defendants are poisoning him, as evinced by the syringe holes in his food. As discussed above, the allegation that Defendants are poisoning Plaintiff is fanciful and delusional.

The complaint also fails to state a Bane Act claim. Cal. Civ. Code § 52.1, known as the Bane Act, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018). The elements of a Bane Act claim are: (1) the defendant interfered with or attempted to interfere with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) the plaintiff reasonably believed that if he exercised his constitutional right the defendant would commit violence against him; (3) the defendant injured the plaintiff to prevent him from exercising his constitutional right; (4) the plaintiff was harmed; and (5) the defendant's actions were a substantial factor in causing the plaintiff's harm. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (2007) (citing California's model Bane Act instruction, CACI Instruction No. 3066). The primary basis of Plaintiff's Bane Act claim is that Defendants are attempting to poison him and conspired with the CIM correctional officers who also poisoned him. As discussed above, these allegations are fanciful and delusional. In addition, there is no allegation that Defendants threatened or committed violent acts or that Plaintiff was injured, which are necessary elements of a Bane Act claim.

Finally, Cal. Civ. Code § 3294 does not provide a cause of action. *See, e.g., Ruiz v. Gonzalez*, C No. 2:22-cv-01133-JDP (PC), 2023 WL 2088364, at *2 (E.D. Cal. Feb. 17, 2023). In addition, Cal. Civ. Code § 3294 is inapplicable here because there is no allegation of a breach of obligation. *See* Cal. Civ. Code § 3294 (exemplary damages may be sought in action for breach of

5

United States District Court
Northern District of California

obligation not arising from contract).

For the reasons set forth above, the Court DISMISSES the complaint for failure to state a claim. In the interests of justice, the Court GRANTS Plaintiff leave to file an amended complaint, if he can truthfully allege facts that would support cognizable claim and remedy the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the deficiencies identified above. The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-02699 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Plaintiff may not incorporate material from the prior complaint by reference. Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. Failure to file an amended complaint in accordance with this order in the time provided may result in dismissal of this action without further notice to Plaintiff for failure to state a claim or failure to obey a court order. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  6/2/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

6